GROOM

Application for a pre-motion conference granted. A conference has been scheduled for 12/11/2020 at 10:30 a.m. The request for consolidation, application to appoint interim lead counsel, and the proposed motion to dismiss will be discussed at the conference, as well as the issues raised in the pre-motion letter and response filed in the related action, *Greenberg v. Bd. of Dirs. of Pentegra Defined Contribution Plan*, 7:20-cv-08503. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: New York, New York
November 30, 2020

Sarah M. Adams
(202) 861-5432
sadams@groom.com

**Via ECF**

The Honorable Philip M. Halpern
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

**Re: *Khan v. Bd. of Dirs. of Pentegra Defined Contribution Plan*, 7:20-cv-07561; *Greenberg v. Bd. of Dirs. of Pentegra Defined Contribution Plan*, 7:20-cv-08503**

Dear Judge Halpern:

We represent all Defendants in the above-referenced matters. Pursuant to your Individual Practice 2(C), we write to request a pre-motion conference regarding Defendants' anticipated motion under Federal Rule of Civil Procedure 42(a) to consolidate *Khan v. Board of Directors of Pentegra Defined Contribution Plan*, No. 7:20-cv-07561, and *Greenberg v. Board of Directors of the Pentegra Defined Contribution Plan for Financial Institutions*, No. 7:20-cv-08503. In their forthcoming motion, Defendants intend to request that the Court: 1) consolidate the *Khan* and *Greenberg* matters; (2) order Plaintiffs to file a consolidated amended complaint; and (3) appoint a single firm as interim lead counsel pursuant to Rule 23(g)(3).

We have conferred with Plaintiffs' counsel in both matters. The two sets of counsel take opposite positions on each of the three aspects of relief to be requested. Counsel in the *Greenberg* matter consents to the motion to consolidate and the filing of a consolidated amended complaint, but does not consent to the motion for appointment of a single firm as interim lead counsel. *See* Ex. A (Email from M. Gyandoh to S. Adams). Counsel in the *Khan* matter does not consent to the motion to consolidate or to the filing of a consolidated amended complaint, but

nonetheless consents to the motion for appointment of a single firm as interim lead counsel. *See* Ex. B (Email from J. Schlichter to S. Adams).

Rule 42(a) promotes judicial economy by allowing a court to consolidate actions that, as is the case here, involve common questions of law or fact. Indeed, these two cases significantly overlap. Both are brought on behalf of putative classes composed of current and former participants (and their beneficiaries) in the Pentegra Defined Contribution Plan for Financial Institutions (the "Plan"), and the class periods almost completely overlap.[1] Both Complaints name the Plan's board of directors and Pentegra Services, Inc., a service provider to the Plan, as defendants.[2] The central claim in both Complaints is that Defendants breached their fiduciary duties to the Plan under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").[3] The relief each Complaint seeks is essentially identical.[4] The high degree of similarity between the two cases justifies consolidation.[5]

---

[1] Compare *Khan* Corrected Compl. ¶ 131 ("All participants and beneficiaries of the Pentegra Defined Contribution Plan for Financial Institutions from September 15, 2014 through the date of judgment, excluding Defendants) *with Greenberg* Compl. ¶ 36 ("All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between October 13, 2014 through the date of judgment").

[2] *Compare Khan* Corrected Compl. ¶¶ 15-24 *with Greenberg* Compl. ¶¶ 23-34.

[3] *Compare Khan* Corrected Compl., p.53 ("Count I: Breach of Fiduciary Duties Related to Excessive Administrative Fees.") *with Greenberg* Compl., p.30 ("First Claim for Relief: Breaches of Fiduciary Duties of Loyalty and Prudence.").

[4] *Compare Khan* Corrected Compl., pp. 62-63 ("[R]estore the Plan to the position it would have occupied but for the breaches of fiduciary duty.") *with Greenberg* Compl., p.34 ("[R]estore to the Plan all profits which the participants would have made if the Defendants had fulfilled their fiduciary obligations.").

[5] Considering the extensive overlap between the two complaints, it is clear the most efficient course of action would be to order Plaintiffs to file a consolidated amended complaint. Rule

Indeed, ***none** of the parties involved believes the two cases are insufficiently similar to warrant consolidation*. The only party opposing consolidation (the *Khan* Plaintiffs) admits that "[t]he claims in [the *Khan*] case cover the claims in the second filed case"—but nonetheless "do[es] not agree to [Defendants'] request to consolidate the two cases or to file a consolidated complaint at this time." Ex. B. *Khan* counsel further takes the position that, despite opposing consolidation, they support the appointment of a single firm as interim lead counsel. *Id*. ("Insofar as your request to appoint a single firm as interim class counsel, we agree with your request.").

In short, the Court is faced with two very similar complaints brought by law firms taking two very different positions—one that is willing to consolidate but wants two firms to represent one class, and one that does not want to consolidate but nonetheless wants a single firm appointed interim lead counsel.

Faced with these opposing positions by the firms vying to serve as class counsel, it is the Court itself, Defendants respectfully suggest, that must safeguard the interests of the putative class. Court action is necessary to ensure the Plaintiffs themselves are controlling the litigation and money is not wasted on duplicative legal fees. *See In re Donnkenny Inc. Sec. Litig.*, 171

---

42(a) also allows a court to order the filing of a consolidated complaint to "expedite trial and eliminate unnecessary repetition and confusion." *Endress v. Gentiva Health Servs.*, Inc., 278 F.R.D. 78, 81 (E.D.N.Y. 2011). A consolidated amended complaint harmonizing Plaintiffs' claims will save both the parties and the Court time and effort by eliminating duplicative filings. Were the matter to survive to discovery, a consolidated amended complaint would narrow its focus and scope by, for example, eliminating superfluous claims and limiting repetitious document production or depositions.

F.R.D. 156, 158 (S.D.N.Y. 1997) (warning against "duplication of attorneys' services" and "increase[d] attorneys' fees and expenses" arising from proposed co-lead counsel arrangement); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1072 (C.D. Cal. 1999) (finding that the class "would be better served by the appointment of one law firm to manage the case" because it would "enable plaintiffs to control counsel"). Appointing a single firm as interim lead counsel under Rule 23(g)(3) advances Rule 42(a)'s efficiency goals by streamlining the management of the consolidated case. "[I]ndeed [appointment of interim class counsel] is probably essential for efficient case management[.]" *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006); *see also Szymczak v. Nissan N. Am., Inc.*, Nos. 10-CV-7493 (VB), 2012 WL 1877306, at *2 (S.D.N.Y. May 15, 2012) (appointing interim lead counsel to ensure the consolidated cases "are administered efficiently, the claims of named plaintiffs and the putative class members are properly prosecuted, and redundant work is minimized"). Appointing two firms as co-lead counsel can "work against a cohesive litigation strategy and prove inefficient." *Farrah v. Provectus Biopharmaceuticals, Inc.*, 68 F. Supp. 3d 800, 806 (E.D. Tenn. 2014); *see also St. Clair Cnty. Employees' Ret. Sys. v. Acadia Healthcare Co.*, No. 3:18-CV-00988, 2019 WL 494129, at *1 (M.D. Tenn. Jan. 9, 2019) (denying co-lead counsel arrangement where movants had failed to demonstrate the need for the involvement of multiple law firms). Indeed, the current arrangement appears already to have "work[ed] against a cohesive litigation strategy," as the two firms have taken opposing positions on each of the three issues Defendants will raise in their anticipated motion.

Consolidation is necessary to protect the Defendants' interests as well. Proceeding with

GROOM LAW GROUP
The Honorable Philip M. Halpern
November 20, 2020
Page 5

highly duplicative but separate cases would unjustifiably increase defense costs by forcing the Defendants to respond to costly and repetitious discovery requests, and would put the Defendants at risk of inconsistent judgments, not to mention potentially conflicting rulings on any number of interim matters, depending on the arguments and strategies Plaintiffs' counsel choose to employ in the two different cases. Proceeding with multiple law firms even in a consolidated action would increase defense costs, exacerbate scheduling difficulties, and, ultimately, drive up settlement values as each firm seeks to maximize its recovery.

At this time, Defendants take no position as to which law firm the Court should appoint as interim lead counsel for the consolidated action. Regardless, there is no reason the consolidated case should require the attention of two firms, particularly ones as experienced as each firm claims to be in ERISA lawsuits like this. *See Khan* Compl. ¶ 134 ("Schlichter Bogard & Denton has been appointed as class counsel in over 30 other ERISA class actions regarding excessive fees in large defined contribution plans."); Letter Motion to Consolidate Cases, *Bilello v. Estee Lauder, Inc.*, No. 1:20-cv-04770 (S.D.N.Y. Aug. 8, 2020), Dkt. #10 ("Capozzi Adler currently serves as counsel in over two dozen fiduciary breach actions across the country.").

Defendants will be prepared to discuss the foregoing issues at the pre-motion conference, should the Court feel that its decision would be aided by one.

Respectfully,

/s/ *Sarah M. Adams*____
Sarah M. Adams
*Counsel for Defendants*

GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W. • Washington, D.C. 20006-5811
202-857-0620 • Fax: 202-659-4503 • www.groom.com