UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IMRAN KHAN, et al.,

                              Plaintiffs,

v.

BOARD OF DIRECTORS OF PENTEGRA
DEFINED CONTRIBUTION PLAN, et al.,

                              Defendants.
-----------------------------------------------------------X
RICHARD GREENBERG, et al.,

                              Plaintiffs,

v.

BOARD OF DIRECTORS OF PENTEGRA
DEFINED CONTRIBUTION PLAN, et al.,

                              Defendants.
-----------------------------------------------------------X

**ORDER**

20-CV-07561 (PMH)

PHILIP M. HALPERN, United States District Judge:

On September 15, 2020, Imran Khan and Joan Bullock, individually and as representatives of a class of participants and beneficiaries on behalf of the Pentegra Defined Contribution Plan for Financial Institutions (the "*Khan* Plaintiffs") commenced an action against the Board of Directors of Pentegra Defined Contribution Plan, John Does 1-12, Brad Elliott, William E. Hawkins, Jr., George W. Hermann, Michael N. Lussier, Sandra L. McGoldrick, Pentegra Retirement Services, Inc.,[1] John E. Pinto, and Lisa A. Schlehuber ("Defendants") (the "*Khan* Case"). (Doc. 1). The *Khan* Plaintiffs are represented by Schlichter Bogard & Denton, LLP (the "Schlichter Firm").

---

[1] On October 16, 2020, the Court "So Ordered" the parties' stipulation by which, *inter alia,* Defendants consented to the *Khan* Plaintiffs filing an Amended Complaint to correct the name of this defendant to Pentegra Services, Inc. (Doc. 40). That Amended Complaint was filed on October 23, 2020. (Doc. 53).

On October 13, 2020, Richard Greenberg, Gregory S. Digsby, Lindsey Clark, and Chrystal Lewis, individually and on behalf of all others similarly situated (the "*Greenberg* Plaintiffs") commenced an action against some, but not all, of the Defendants in the *Khan* Case (the "*Greenberg* Case"). (Greenberg Doc. 1).[2] The *Greenberg* Plaintiffs are represented by Capozzi Adler, P.C. (the "Capozzi Firm").

On November 20, 2020, Defendants filed letters seeking the consolidation of the *Khan* Case and the *Greenberg* Case. (Doc. 56; Greenberg Doc. 25). On November 23, 2020, Defendants filed a letter seeking a pre-motion conference in connection with an anticipated motion to dismiss the *Khan* Case (Doc. 59), and on November 25, 2020, the *Khan* Plaintiffs filed a letter in opposition thereto (Doc. 65). The *Khan* Plaintiffs also filed a letter opposing Defendants' request to consolidate the *Khan* Case and the *Greenberg* Case (Doc. 64), as well as a motion to appoint the Schlichter Firm as interim lead class counsel (Doc. 60; Doc. 61, "Schlichter Br."). On November 27, 2020, the *Greenberg* Plaintiffs filed their response to Defendants' request to consolidate, advising of their position that consolidation of the two cases would be appropriate. (Greenberg Doc. 28). The *Greenberg* Plaintiffs also sought the Court's permission to move for the appointment of the Capozzi Firm as interim lead class counsel. (*Id.*). On December 3, 2020, with permission from the Court, the Capozzi Firm filed a letter in opposition to the Schlichter Firm's motion to be appointed interim lead class counsel. (Greenberg Doc. 32).

On December 11, 2020, the Court held a pre-motion telephone conference to discuss Defendants' request to consolidate, the Schlichter Firm's pending motion, the Capozzi Firm's anticipated motion, and Defendants' anticipated motion to dismiss. The Court construed Defendants' pre-motion letter for permission to move for consolidation as a motion to consolidate,

---

[2] References herein to documents filed in the *Greenberg* Case shall be cited as "Greenberg Doc."

2

and having considered the written responses thereto by the *Khan* Plaintiffs and the *Greenberg* Plaintiffs, and the parties' arguments at the conference, the Court granted consolidation, directed the filing of a Consolidated Amended Complaint, and directed Defendants to, after receipt of the Consolidated Amended Complaint, file a new pre-motion conference letter, advise the Court if they intended to press their original pre-motion conference letter, or file an answer. (Doc. 72). The Court also set a briefing schedule for the Capozzi Firm to move for appointment as interim lead class counsel or co-counsel, as well as opposition to the motions. (*Id.*).

On December 18, 2020, the *Greenberg* Plaintiffs filed their cross-motion (Doc. 73; Doc. 73-1, "Capozzi Br."); and on December 28, 2020, Defendants filed their opposition to the competing motions (Doc. 75) and the *Khan* Plaintiffs filed their opposition to the *Greenberg* Plaintiffs' motion (Doc. 76). The *Khan* Plaintiffs and *Greenberg* Plaintiffs filed their Consolidated Amended Complaint on December 28, 2020 (Doc. 74), and on January 11, 2021, Defendants advised that they sought to press their motion to dismiss on the grounds stated in their earlier letter, as well as on additional grounds (Doc. 79). On January 19, 2021, the Schlichter Firm filed a response to Defendants' letter (Doc. 80). It does not appear that the Capozzi Firm filed a response to Defendants' pre-motion letters. The Court held a pre-motion telephone conference on February 16, 2021, granted Defendants leave to file a motion to dismiss, and set a briefing schedule for such motion. (*See* Feb. 16, 2021 Min. Entry).

Ripe for this Court's review are the competing motions to be appointed as interim lead class counsel filed by the Schlichter Firm and the Capozzi Firm. Federal Rule of Civil Procedure 23 ("Rule 23") requires a court to determine at an "early practicable time" whether to certify a class and, if so, to appoint class counsel. "Because representation of a putative class prior to the filing of a motion for class certification is sometimes necessary, Rule 23(g)(3) permits a court to

3

appoint interim class counsel." *Anderson v. Fiserv, Inc.*, No. 09-CV-8397, 2010 WL 571812 at *2 (S.D.N.Y. Jan. 29, 2010).

In selecting interim class counsel, courts have looked to the criteria for determining the adequacy of class counsel set forth in Rule 23(g)(1)(A), which include: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *See e.g. In re Bank of Am. Corp. Secs., Derivative & ERISA Litis.*, 258 F.R.D. 260, 272 (S.D.N.Y. June 30, 2009); *In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litig.*, No. 12-CV-5696, 2013 WL 3816597, at *10-13 (E.D.N.Y. July 22, 2013).

If only one applicant seeks appointment as class counsel, a court must determine whether the applicant is "adequate" under Rule 23(g)(1) and Rule 23(g)(4), which requires that counsel "fairly and adequately represent the interests of the class." However, faced with competing "adequate" applicants, "the court *must* appoint the applicant best able to represent the interests of the class." Rule 23(g)(2) (emphasis added).

Although the Capozzi Firm argued alternatively that it should be appointed as interim co-counsel with the Schlichter Firm (Capozzi Br. at 15-18), both the Schlichter Firm and Defendants objected to any co-counsel relationship. (*See* Doc. 75 at 1-5; Doc. 76 at 18-21). The Court finds that due to the "fundamental historical and philosophical differences" between the two firms (Doc. 76 at 5), and as evidenced by the competing motions herein, a co-counsel relationship would be inefficient; thus, appointing a single firm best serves the interests of judicial economy while protecting the interests of the putative class.

Based upon the information provided by counsel in the competing submissions, the Court finds that both firms have devoted substantial time and effort to identifying and investigating the claims raised herein. In addition, both firms have significant experience with complex class action litigation, and each possess knowledge of the applicable law.

As to the Capozzi Firm's willingness to commit resources to represent the proposed class, it states that it "has the ability and willingness to expend the financial and manpower resources necessary to prosecute this litigation," and their "Fiduciary Practice Group is comprised of three partners, . . . two associates, and five support staff" (Capozzi Br. at 13), but beyond the five lawyers it indicates are in the Fiduciary Practice Group, the Capozzi Firm would avail itself also of the services of other attorneys in their Pennsylvania offices (*id*.). The Schlichter Firm, on the other hand, "has a fully dedicated team of [thirteen] attorneys . . . in the [Schlichter Firm's] retirement litigation practice group." (Schlichter Br. at 21). For these reasons, the Court finds that the Schlichter Firm has greater attorney resources in the particular practice area to represent the class in this consolidated action. In addition, the Court notes that only the Schlichter Firm responded to Defendants' pre-motion letters (Docs. 65, 80), signifying that they have already begun to prepare to defend against Defendants' forthcoming motion to dismiss.

Considering the totality of the circumstances, the Court concludes that the Schlichter Firm is the more appropriate choice to serve as interim lead class counsel, in light of the number of attorneys dedicated to 401k excessive fee litigation who are committed to work on this matter, and the fact that the Schlichter Firm handled the precatory work in connection with the anticipated motion to dismiss by Defendants.

**CONCLUSION**

Based upon the foregoing, the Schlichter Firm's motion to be appointed as interim class counsel is GRANTED and the Capozzi Firm's cross-motion to be appointed interim class counsel or co-counsel is DENIED.

The Court therefore Orders that Schlichter Bogard & Denton, LLP is appointed as interim class counsel under Federal Rules of Civil Procedure 23(g)(2) and (3).

The Clerk of the Court is respectfully directed to terminate the pending motion (Doc. 60).

                    **SO ORDERED:**

Dated:   White Plains, New York
            February 18, 2021

                                      PHILIP M. HALPERN
                                      United States District Judge