UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IMRAN KHAN, et al.,

                Plaintiffs,

- against -

BOARD OF DIRECTORS OF PENTEGRA
DEFINED CONTRIBUTION PLAN, et al.,

                Defendants.

**OPINION & ORDER**

20-CV-07561 (PMH)

PHILIP M. HALPERN, United States District Judge:

Imran Khan, Joan Bullock, and Pamela Joy Wood ("Plaintiffs") bring this putative class action against the Board of Directors of Pentegra Defined Contribution Plan (the "Plan"), Pentegra Services Inc., John E. Pinto, Sandra L. McGoldrick, Lisa A. Schlehuber, Michael N. Lussier, William E. Hawkins, Jr., Brad Elliott, George W. Hermann, and John Does 1-20 ("Defendants") for breaches of fiduciary duties and prohibited transactions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. (Doc. 92, "AC").

The Amended Complaint presses four claims for relief alleging Defendants breached their fiduciary duties: (1) under 29 U.S.C. § 1104(a)(1) with respect to the Plan's recordkeeping and administrative fees (*id*. ¶¶ 116-125), (2) by engaging in prohibited transactions in violation of 29 U.S.C. § 1106 (*id*. ¶¶ 126-142), (3) under 29 U.S.C. § 1104(a)(1) with respect to the Plan's investment management fees (*id*. ¶¶ 143-148), and (4) by failing to monitor the Plan's fiduciaries (*id*. ¶¶ 149-154).[1] Plaintiffs seek, *inter alia*, to have Defendants "make good to the Plan any losses

---

[1] Plaintiffs have withdrawn Count III of the Amended Complaint—alleging Defendants breached their fiduciary duties under 29 U.S.C. § 1104(a)(1) with respect to the Plan's investment management fees— "[b]ecause fact discovery has shown that the PSI-charged asset-based fees at issue in Count III are fully encompassed in Count I." (Doc. 171 at 8, n.7).

to the Plan resulting from the breaches of fiduciary duties." (*Id.* ¶¶ 2, 123, 140, p. 51). Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38. (*Id.* ¶ 155).

The Court partially granted Defendants' motion to dismiss on March 23, 2022, holding that "Plaintiffs' first and third claims only to the extent they allege breaches of duty of loyalty are dismissed." (Doc. 149 at 19, "Prior Order").[2] The Court did not however dismiss the first and third claims outright, holding that Plaintiffs "sufficiently alleged that it can be reasonably inferred that Defendants breached their duty of prudence by providing the higher-cost options." (*Id.* at 7). The Court assumes familiarity with the factual allegations as laid out in the Prior Order.

Defendants filed a motion to strike the jury demand, pursuant to the briefing schedule set by the Court, on January 6, 2023. (Doc. 167; Doc. 168, "Def. Br."). Plaintiffs filed their opposition (Doc. 169, "Pl. Br."), and the motion was fully submitted with the filing of Defendants' reply (Doc. 180, "Reply"). On March 17, 2023, Plaintiffs filed a Notice of Supplemental Authority in further support of its opposition. (Doc. 187). On March 20, 2023, Defendants filed a Notice of Supplemental Authority in further support of their motion. (Doc. 188).

For the reasons set forth below, Defendants' motion to strike the jury demand is granted in part and denied in part.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 39(a)(2), where a party has properly demanded a trial by jury, "[t]he trial on all issues so demanded shall be by jury, unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). Where a statute is silent as to whether the parties are entitled to a jury trial, the

---

[2] This decision is available on commercial databases. *See Khan v. Bd. of Directors of Pentegra Defined Contribution Plan*, No. 20-CV-07561, 2022 WL 861640 (S.D.N.Y. Mar. 23, 2022).

court must "consider whether a jury right inheres in the plaintiffs' claim by virtue of the Seventh Amendment." *Brown v. Sandimo Materials*, 250 F.3d 120, 126 (2d Cir. 2001). "The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194 (1974). Courts apply the two-step test set forth in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) in deciding whether a particular action is a suit at law that triggers the jury trial right under the Seventh Amendment. The Court, in the first step, must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* The court must then, in the second and "more important" step, "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.*

## ANALYSIS

I.    <u>Step One: Historical Comparison of the Statutory Action</u>

The Second Circuit held in *Pereira v. Farace* that the first step of the *Granfinanciera* analysis "tilted in favor of denying" a jury trial on breach of fiduciary duty claims because "breach of fiduciary duty claims were historically within the jurisdiction of the equity courts." 413 F.3d 330, 338 (2d Cir. 2005). Judge Castel similarly held in *Cunningham v. Cornell Univ.* that ERISA breach of fiduciary duty of prudence claims are "equitable in nature" because "the breach of fiduciary duty of prudence derives from the law of trusts that was heard in equity." No. 16-CV-06525, 2018 WL 4279466, at *2 (S.D.N.Y. Sept. 6, 2018) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 570 (1985)); *see also Garthwait v. Eversource Energy Co.*, No. 20-CV-00902, 2022 WL 17484817, at *2 (D. Conn. Dec. 7, 2022) ("the first step of the *Granfinanciera* analysis weighs against a jury trial" for ERISA breach of fiduciary duty

claims); *Vellali v. Yale Univ.*, No. 16-CV-01345, 2023 WL 2552719, at *2 (D. Conn. Mar. 17, 2023) (same). Here, as in *Cunningham*, Plaintiffs' claims are equitable in nature because the breach of fiduciary duty claims derive from the law of trusts that were heard in equity. Accordingly, the Court concludes that the first step of the *Granfinanciera* test weighs against a jury trial on Plaintiff's claims.

> II.  Step Two: Examining the Remedy Sought

"The second step of the *Granfinanciera* test focuses on the nature of the relief sought. It calls upon us to decide whether the 'type of relief [sought] was available in equity courts as a general rule.'" *Pereira*, 413 F.3d at 339 (citing *Granfinanciera*, 492 U.S. at 42). Plaintiffs allege, in connection with each of their four claims for relief, that they seek to hold Defendants personally liable "under 29 U.S.C. § 1109(a) to make good to the Plan all losses resulting from each breach of fiduciary duty." (AC ¶¶ 2, 123, 140, p. 51). The Second Circuit held in *Pereira* that seeking "compensatory damages" in connection with a breach of fiduciary duty claim is a legal remedy "because [defendants] never possessed the funds in question and thus were not unjustly enriched," and therefore "the remedy sought against them cannot be considered equitable." 413 F.3d at 339. Three district courts within the Second Circuit, relying on *Pereira*, have ruled that identical prayers for relief are not equitable in nature. *See Cunningham*, 2018 WL 4279466, at *2 (plaintiff's remedy sought to make defendants "personally liable to make good to the Plans all losses to the Plans resulting from each breach of fiduciary" was held to be legal in nature rather than equitable); *Garthwait*, 2022 WL 17484817, at *2 (same); *Vellali*, 2023 WL 2552719, at *2 (same).

Defendants argue that the Court should disregard *Cunningham* and *Garthwait* because those decisions were wrongly decided. (Reply at 9). Defendants fail to cite to any authority within the Second Circuit reaching a different conclusion than *Cunningham*, *Garthwait*, and *Vellali*.

4

Defendants argue that *Pereira* was so undermined so as to be "almost inevitably overruled" by the Supreme Court's decision in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011). (Def. Br. at 9). This argument was squarely rejected in *Cunningham*, where Judge Castel held that he "cannot say that *Amara* so undermines *Pereira* that it is nearly inevitable that it will be overruled by the Second Circuit." 2018 WL 4279466, at *4.[3] *Vellai* similarly rejected the notion that *Amara* undermined *Pereira* and instead reconciled the cases by holding that "these cases reflect that the material distinction in this context for purposes of determining whether a remedy is equitable or legal in nature, is between those situations where a plaintiff seeks to recover particular funds or property in the defendant's possession, and those situations where the plaintiff seeks to recover damages out of the defendant's assets generally." 2023 WL 2552719, at *6. Plaintiffs here seek to "make good to the Plan all losses to the Plan resulting from the breaches of fiduciary duty." (AC ¶ 2). Plaintiffs' prayer for relief makes clear that they seek to make good to the Plan all losses "out of the defendant's assets generally" rather than seeking to recover "particular funds or property in [Defendants'] possession." *Vellai*, 2023 WL 2552719, at *6. Accordingly, the Court holds that Plaintiffs' request that Defendants "make good" to the Plan losses suffered as a result of Defendants' alleged breaches of fiduciary duty is a legal remedy, not an equitable one.

The Amended Complaint also seeks the removal of fiduciaries, an imposition of a surcharge on the fiduciaries, an accounting, reformation of the Plan, and "other equitable or remedial relief as the Court deems appropriate." (AC at 51-52). "These are traditional equitable remedies" and as such, no jury is required to adjudicate Plaintiff's claims for these categories of relief. *Cunningham*, 2018 WL 4279466, at *2. "In such circumstances 'the general rule is that the

---

[3] Of course, lower courts are constrained "to follow directly controlling precedent even where that decision appears to rest on reasons rejected in another line of decisions." *United States v. Vaughn*, 430 F.3d 518, 526 (2d Cir. 2005) (citing *Agostini v. Felton*, 521 U.S. 203, 237–38 (1997)).

jury must decide the legal claims prior to the court's determination of the equitable claims, in order to prevent the court's determination of a common factual issue from precluding, by collateral estoppel effect, a contrary determination by the jury.'" *Soley v. Wasserman*, No. 08-CV-09262, 2013 WL 1655989, at *3 n.3 (S.D.N.Y. Apr. 17, 2013) (quoting *Wade v. Orange Cnty. Sheriff's Office*, 844 F.2d 951, 954 (2d Cir. 1988)). Accordingly, the Court will first conduct a jury trial on Plaintiffs' legal claims for money damages resulting from Defendants' alleged breaches of fiduciary duties, "including any issues of fact common with" the balance of Plaintiffs' requested relief, "and then conduct a bench trial on any remaining issues." *Id.*[4]

A status conference has been scheduled for November 29, 2023 at 12:00 p.m. to be held in Courtroom 520 of the courthouse located at 300 Quarropas Street, White Plains, New York 10601. The parties should be prepared to discuss the proposed structuring of the non-jury portion of this trial and the efficiency, if any, of the use of the empaneled jurors as an advisory jury for Plaintiffs' equitable claims.

---

[4] Defendants, in a footnote, indicate that if the Court decides to "proceed with a jury for either decisive or advisory purposes, Defendants intend to respectfully request that the Court permit them to file a motion for partial summary judgment." (Reply at 10 n.9). The Court was clear, on the record during the October 25, 2022 case management conference, that if the parties did not comply with the Court's Individual Rules concerning motions for summary judgment and file a pre-motion letter seeking leave to make such a motion within 30 days of the close of discovery, then any motions for summary judgment would be waived under Federal Rule of Civil Procedure 56(b). The Court specified that the parties had until November 15, 2022 to file a pre-motion letter with a Rule 56.1 Statement as required by the Court's Individual Practices and Rule 56(b), regardless of the determination whether this matter would proceed to a jury or non-jury trial. No party filed a pre-motion letter for summary judgment. Accordingly, the time has expired to move for summary judgment.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motion to strike Plaintiffs' jury demand. Plaintiffs' claim for money damages, including any issues of fact common with the balance of Plaintiffs' requested relief, will be tried before a jury. The remaining issues will be tried before the Court.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 167).

**SO ORDERED.**

Dated:   White Plains, New York
        September 26, 2023

_____
PHILIP M. HALPERN
United States District Judge