**VIA ECF**

October 8, 2024

The Honorable Philip M. Halpern
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:     <u>***Khan v. Bd. of Dirs. of Pentegra Defined Contribution Plan***</u>**, 7:20-cv-7561**

Dear Judge Halpern:

We write in accordance with the Court's October 1 Order, which directed the parties to "file a letter limited to 5 pages setting forth their positions on utilizing an advisory jury for the non-jury aspect of the trial." Dkt. 264. The non-jury portion of the trial will resolve (a) the Plaintiffs' prohibited transaction claims in Count II (29 U.S.C. §§ 1106(a)(1)(A)–(D); §§ 1106(b)(1)–(3)); and (b) the equitable relief, if any, to be imposed under 29 U.S.C. § 1132(a)(3), including any changes to the future management and operation of the Plan. *See* Dkt. 260 at 10−11.

The parties have met and conferred and jointly recommend against keeping the jury empaneled in an advisory role during the trial of Plaintiffs' equitable claims.[1]

**Legal Standard**

A trial court may consult with an advisory jury during a bench trial so long as the court retains the ultimate responsibility for findings of fact and conclusions of law. *DeFelice v. Am. Int'l Life Assurance Co.*, 112 F.3d 61, 65 (2d Cir. 1997); Fed. R. Civ. P. 39(c)(1). Consent of the parties is not required. *Broadnax v. City of New Haven*, 415 F.3d 265, 271 n.2 (2d Cir. 2005). However, empaneling an advisory jury is "the exception," not the rule. *Ross v. Am. Express Co. (In re Currency Conversion Fee Antitrust Litig.)*, No. 1409, 2012 U.S. Dist. LEXIS 138445, at *13–14 (S.D.N.Y. Sep. 11, 2012). Courts typically utilize an advisory jury in two circumstances: (1) to promote judicial economy, as when a jury will already be empaneled to hear another claim with overlapping facts; and (2) when "special factors ... suggest that a jury composed of members of the community would provide the Court valuable guidance in making its own findings and conclusions." *Id.* at *9 (quoting *Skoldberg v. Villani*, 601 F. Supp. 981, 982 (S.D.N.Y. 1985)).

**Judicial Economy**

The parties respectfully submit that this factor weighs against using an advisory jury here. In Count II, Plaintiffs are seeking equitable remedies of restitution and disgorgement for alleged ERISA prohibited transactions. *See* Dkt. 92 (Second Amend. Compl.) at ¶¶ 129–138. Explaining the prohibited transaction laws to a jury would only add complexity and inefficiency to the trial. *Cf. Speedfit LLC v. Woodway USA, Inc.*, No. 13-1276, 2020 U.S. Dist. LEXIS 99397, at *19

---

[1] While the parties agree that an advisory jury is unnecessary, they disagree about whether any equitable relief would be appropriate for the reasons set forth in the Proposed Findings of Fact and Conclusions of Law. *See* Dkt. 263.

1

(E.D.N.Y. June 8, 2020) (declining to empanel an advisory jury where certain features of the case would be "very difficult for a jury to absorb").

The parties have already spent over six months developing jointly proposed jury instructions on Count I.[2] An advisory jury would require the parties to craft additional proposed instructions to address issues unique to Count II, including the definition of a "transaction" in this context and what it means to be a "party in interest" under ERISA, as well as the operation of any applicable statutory exemptions. There are no model instructions in the Second Circuit on these provisions, and the parties maintain substantial disagreement about the proper legal standards that should apply in this case. *See, e.g.*, Dkt. 251, Prop. Findings, at 15–25, 32. A second verdict form would also be needed, further taxing the parties' resources in preparing for a trial that could begin on just 10 days' notice. In short, there is no meaningful time saving merit to this approach.

**Special Factors**

The parties respectfully submit there are also no special factors that counsel in favor of using an advisory jury to decide the equitable claims. The Court has already indicated that it intends to follow the jury's verdict on Count I in its consideration of Count II. The prohibited transaction claims do not implicate community standards or public norms. *Cf. NAACP v. AcuSport, Inc.*, 271 F. Supp. 2d 435, 470-71 (E.D.N.Y. 2003) (finding an advisory jury appropriate to adjudicate claim of public nuisance). Nor is a jury better equipped than the Court itself to resolve the claims and determine any appropriate equitable relief on Counts I and II. *Cf. Smith v. Reinke*, No. 12-30, 2014 U.S. Dist. LEXIS 72656, at *6 (D. Idaho May 27, 2014) (finding that an advisory jury would not be "uniquely competent" to determine if there was "a valid, rational connection between a prison policy and a legitimate governmental interest"). Therefore, it is unlikely that the Court will be materially assisted by the opinions of an advisory jury on the equitable claims.

Respectfully submitted,

/s/ Troy A. Doles
SCHLICHTER BOGARD LLP
Troy A. Doles* (*tdoles@uselaws.com*)
Nathan D. Stump* (*nstump@uselaws.com*)
Kurt C. Struckhoff* (*kstruckhoff@uselaws.com*)
Jerome J. Schlichter* (*jschlichter@uselaws.com*)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115 (p)/(314) 621-5934 (f)
*Class Counsel for All Plaintiffs*
*Admitted *Pro Hac Vice*

/s/ Edward J. Meehan (w/consent)
GROOM LAW GROUP, CHARTERED
Mark C. Nielsen, Bar No. MN4214
(*mnielsen@groom.com*)
Sarah M. Adams* (*sadams@groom.com*)
Edward J. Meehan* (*emeehan@groom.com*)
David N. Levine* (*dlevine@groom.com*)
Kevin L. Walsh* (*kwalsh@groom.com*)
Ross P. McSweeney* (*rmcsweeney@groom.com*)
Kalena R. Kettering* (*kkettering@groom.com*)
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
202-857-0620 (phone)/202-659-4503 (fax)
*Attorneys for Defendants*
*Admitted *Pro Hac Vice*

---

[2] The Second Circuit is currently reviewing the issue of whether jury trials are permitted under ERISA to resolve claims similar to Count I.  *See* Dkt. 1-2 in *Vellali v. Yale University*, No. 23-1172 (2d Cir. 2023).

## CERTIFICATE OF SERVICE

I hereby certify that, on October 8, 2024, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/ Troy A. Doles
Troy A. Doles
