UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMRAN KHAN, et al.,<br><br>       *Plaintiffs*,<br><br>v.<br><br>BOARD OF DIRECTORS OF PENTEGRA DEFINED CONTRIBUTION PLAN, et al.,<br><br>       *Defendants*. | No. 7:20-cv-07561 |

**PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

In accordance with Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request preliminary approval of a Class Action Settlement. Defendants have been consulted and do not oppose this motion.

On September 15, 2020, Plaintiffs brought this action alleging that Defendants Board of Directors of Pentegra Defined Contribution Plan ("Board"), Pentegra Services, Inc. ("PSI"), John E. Pinto, Sandra L. McGoldrick, Lisa A. Schlehuber, Michael N. Lussier, William E. Hawkins, Jr., Brad Elliott, George W. Hermann, and John Does 1–12 ("Defendants") breached their fiduciary duties by failing to monitor and control the Plan's recordkeeping and administrative fees and by retaining in the Plan higher-cost shares of mutual funds and collective investment trusts, including proprietary PSI investments, that charged unreasonable investment management fees. Dkt. 1 (Counts I and III). Plaintiffs further alleged that Defendants committed ERISA prohibited transactions by causing the Plan to use PSI-subadvised investments and PSI's proprietary recordkeeping services. *Id.* (Count II). Plaintiffs also brought a derivative claim against the Board for failing to monitor delegated fiduciaries. *Id.* (Count IV). Defendants dispute these allegations and deny liability for any alleged ERISA violations.

On May 1, 2025, after years of adversarial litigation, extensive discovery, a week-long trial, and protracted arm's length negotiations, the parties agreed in principle to settle the case. The final terms of the settlement are set forth in the Settlement Agreement executed on June 30, 2025. *See* Exhibit A (Settlement Agreement attached hereto).[1]

The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case, and preliminary approval of the settlement is in the best interests of the class members. In return for a release of the class representatives' and class members' claims, Defendants have agreed to pay a sum of $48,500,000 (the "Gross Settlement Amount"). The Settlement Agreement also includes additional terms that provide non-monetary relief to Plan participants, including the appointment of an independent fiduciary, immediate and phased removal and replacement of certain Board members, and a competitive bidding process for the services the Plan currently receives from PSI and Empower.

"At the preliminary approval stage, the Court must assess 'whether it is likely that it will be able to finally approve the settlement after notice, an objection period, and a fairness hearing.'" *Whelan v. Diligent Corp.*, No. 22-7598 (AT), 2025 U.S. Dist. LEXIS 64438, at *6 (S.D.N.Y. Apr. 4, 2025) (cleaned up) (quoting 4 Newberg and Rubenstein on Class Actions § 13:10 (6th ed.)). The Settlement Agreement reached between the parties more than satisfies this standard given the complex nature of the case and the outstanding results obtained for Class members. Preliminary approval will not foreclose interested persons from objecting to the settlement and thereby presenting dissenting viewpoints to the Court.

In support of preliminary approval, Plaintiffs submit a memorandum in support of this Motion and the Declaration of Troy A. Doles.

---

[1] If not defined herein, capitalized terms have the definitions in the Settlement, which is incorporated herein by reference.

Plaintiffs respectfully request:

- That the Court enter an order of preliminary approval of the Settlement Agreement;

- That the Court order any interested party to file any objections to the Settlement, with supporting documentation, within the time limit set by the Court, and to serve all objections on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the parties the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court schedule a Final Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Settlement Agreement. Given the processing and delivering of Settlement notices to Class members, the deadline to object to the Settlement, and the review and approval period of the Independent Fiduciary, among other interim milestones and deadlines, Plaintiffs request that a Final Fairness Hearing be held no earlier than **October 31, 2025 [or no earlier than 120 days after entry of the Court's order preliminarily approving the Settlement]**; and

- Following the Final Fairness Hearing, that the Court enter an Order granting final approval of the Settlement.

July 2, 2025                              Respectfully submitted,

/s/ Troy A. Doles
Jerome J. Schlichter (admitted *pro hac vice*)
Troy A. Doles (admitted *pro hac vice*)
Kurt C. Struckhoff (admitted *pro hac vice*)
Nathan D. Stump (admitted *pro hac vice*)
SCHLICHTER BOGARD LLC
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
(314) 621-6115, Fax: (314) 621-5934

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 2, 2025.

                                       /s/ Troy A. Doles
                                       Troy A. Doles