UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMRAN KHAN, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BOARD OF DIRECTORS OF PENTEGRA DEFINED CONTRIBUTION PLAN, et al,<br><br>    *Defendants*. | No. 7:20-cv-07561 |

### [PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

  This litigation arises out of a class action alleging breaches of fiduciary duties against Defendants the Board of Directors of Pentegra Defined Contribution Plan (the "Board"), Pentegra Services Inc. ("PSI"), John E. Pinto, Sandra L. McGoldrick, Lisa A. Schlehuber, Michael N. Lussier, William E. Hawkins, Jr., Brad Elliott, and George W. Hermann (collectively "Defendants") under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*, with respect to their management, operation, and administration of the Pentegra Defined Contribution Plan for Financial Institutions (the "Plan").[1] Defendants deny and continue to deny the allegations, claims, and contentions of the Class Representatives, deny that they are liable at all to the Class, and deny that the Class or the Plan has suffered any harm or damage.

  In the Unopposed Motion for Preliminary Approval of Class Action Settlement, the Settling Parties seek preliminary approval of a settlement of the claims asserted. The terms of the Settlement are set out in a Class Action Settlement Agreement dated June 30, 2025, executed by

---

[1] For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

the Settling Parties' counsel.

The Court has considered the proposed Settlement. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows.

1. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

    A. The proposed Settlement resulted from extensive arm's-length negotiations;

    B. The Settlement Agreement was executed only after the parties engaged in substantial litigation, including a week-long trial, and after extensive arms-length settlement negotiations had continued within that period;

    C. Class Counsel has concluded that the Settlement is fair, reasonable, and adequate;

    D. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class; and

2. **Final Fairness Hearing**: A hearing is scheduled at the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, the Honorable District Court Judge Philip M. Halpern presiding, at 10:00 a.m. ~~/p.m.~~ on  11/26 , 2025, **[not before 120 days after the entry of a preliminary approval order]** (the "Final Fairness Hearing") to determine, among other issues:

    A. Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

    B. Whether the Settlement Notice and notice methodology were performed as directed by this Court;

    C. Whether the motion for Attorneys' Fees and Costs to be filed by Class Counsel should be approved;

  D. Whether an amount of compensation to Class Representatives should be approved; and

  E. Whether the Administrative Expenses specified in the Settlement Agreement and requested by the Settling Parties should be approved for payment from the Gross Settlement Amount.

  3. **Establishment of Qualified Settlement Account**: A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Khan et al. v. Board of Directors of Pentegra Defined Contribution, et al.* Qualified Settlement Account (the "Settlement Account"). The Settlement Account shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Account shall consist of $48,500,000 (the "Gross Settlement Amount") and any interest or other earnings thereon. The Settlement Account shall be administered as follows:

  A. The Settlement Account is established exclusively for the purposes of: (i) making distributions to Class Representatives and the Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel and Class Representatives' Compensation as awarded by the Court; and (iv) paying employment, withholding, income, and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Account until after the Settlement Effective Date.

B. Within the time period set forth in the Settlement Agreement, Defendants caused the Gross Settlement Amount of $48,500,000 to be deposited into the Settlement Account as specified in the Settlement Agreement.

C. The Court appoints Analytics Consulting LLC as the Settling Parties' agreed-upon vendor to serve as the Settlement Administrator for providing Settlement Notices, implementing the Plan of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

D. Defendants or their insurers shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants or their insurers make a transfer to the Settlement Account.

E. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Account or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Account or the disbursement of any monies from the Settlement Account except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

F. The oversight of the Settlement Account is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

G.    The Gross Settlement Amount caused to be paid by the Defendants and/or their insurer(s) into the Settlement Account in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Account vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Account, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Account and income earned thereon shall immediately be returned to the entity(ies) that funded the Settlement Account.

H.    The Settlement Administrator may make disbursements out of the Settlement Account only in accordance with this Order or any additional Orders issued by the Court.

I.    The Settlement Account shall expire after the Settlement Administrator distributes all of the assets of the Settlement Account in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Account shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Account.

J. The Settlement Account shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses, and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Account.

K. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Account. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Account, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Account. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Account. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

L. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Account, and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Account itself and the Settlement Administrator as fiduciaries of the Settlement Account. Reserves may be established for taxes on the Settlement Account income or on distributions.

M. The Settlement Administrator shall have all the necessary powers, and take all

necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating, and distributing the Settlement Account, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N.	The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements, and other transactions of the Settlement Account. All accounts, books, and records relating to the Settlement Account shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person, the nature and status of any payment from the Settlement Account, and other information which the Settlement Administrator considers relevant to showing that the Settlement Account is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

O.	The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Account's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state, and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

P. This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Account to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any of the Defendants to make any further payment of any nature into the Settlement Account or otherwise.

4. **Class Notice**: The Settling Parties have presented to the Court proposed forms of Settlement Notice, which are appended to the Settlement Agreement as Exhibit 3 and Exhibit 4.

A. The Court finds that the proposed forms and the website referenced in the Settlement Notice fairly and adequately:

    i. Describe the terms and effect of the Settlement Agreement and of the Settlement;

    ii. Notify the Class concerning the proposed Plan of Allocation;

    iii. Notify the Class that Class Counsel will seek compensation from the Settlement Account for the Class Representatives and for Attorneys' Fees and Costs;

    iv. Notify the Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Account;

    v. Give notice to the Class of the time and place of the Final Fairness Hearing;

and

vi. Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

B. The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall, by no later than sixty (60) days before the Final Fairness Hearing, cause the Settlement Notices, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by electronic means or by first-class mail, postage prepaid, to the last known address of each member of the Class, and the Settlement Administrator shall also post a copy of the Settlement Notice on the Settlement Website. The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Class in the manner described. Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, social security numbers or other unique identifiers, and quarter-ending account balances for each Class Member during the Class Period, as well as data reflecting the allocation of new contributions among the Plan's investment options for each Current Participant. The names, addresses, and social security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C. For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided social security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D.      At or before the Final Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court proof of timely compliance with the foregoing requirements.

E.      The Court directs the Settlement Administrator, no later than sixty (60) days before the Final Fairness Hearing, to cause the Settlement Notice to be published on the Settlement Website.

5.      **Objections to Settlement**: Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of Attorneys' Fees and Costs, or to any request for Class Representatives' Compensation, must file an objection in the manner set out in this Order.

A.      A Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of Attorneys' Fees and Costs, or to any request for Class Representatives' Compensation must do the following: (i) file with the Court a statement of objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

> Clerk of the Court
> Hon. Charles L. Brieant Jr. Federal Building and Courthouse
> Southern District of New York
> 300 Quarropoas Street
> White Plains, NY 10601
>
> *Counsel for Plaintiffs*
> SCHLICHTER BOGARD LLC
> Attn: Pentegra 401(k) Plan Settlement
> 100 South Fourth Street, Suite 1200
> St. Louis, MO 63102

*Counsel for Defendants*
GROOM LAW GROUP CHARTERED
Attn: Edward J. Meehan, Mark C. Nielsen, Ross P. McSweeney
1701 Pennsylvania Ave., N.W.
Washington, DC 20006

B. The objector or the objector's counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file all objections with the Court no later than thirty (30) calendar days before the date of the Final Fairness Hearing.

C. If an objector hires an attorney for the purposes of making such objection pursuant to this paragraph, the objector's attorney must serve a notice of appearance on the attorneys listed above and file the notice of apperance with the Court no later than thirty (30) calendar days before the date of the Final Fairness Hearing.

D. Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Class Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E. Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection. Any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

F. Any party wishing to file a response to an objection must do so, and serve the response on all parties, before the Final Fairness Hearing.

6. **Appearance at Final Fairness Hearing**: Any objector who files and serves a

timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Final Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Final Fairness Hearing must serve a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file the notice with the Court by no later than thirty (30) calendar days before the date of the Final Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph will not be permitted to speak at the Final Fairness Hearing.

      7.      **Claim Form Deadline**: All valid Former Participant Claim Forms must be received by the Settlement Administrator with a postmark date no later than __11/16/2025__ **[no later than 10 days prior to the Final Fairness Hearing]**, or electronically submitted online at the website maintained by the Settlement Administrator no later than __11/16/2025__ **[no later than 10 days prior to the Final Fairness Hearing]**.

      8.      **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

      9.      **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

      10.      **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or

liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named Plaintiff, Class Representatives, or the Class that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims that may have been raised.

11. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties.

12. **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

13. **Continuance of Hearing**: The Court may continue the Final Fairness Hearing in its discretion without direct notice to the Class, other than by notice to Class Counsel and Defense Counsel, and any Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Final Fairness Hearing.

**IT IS SO ORDERED.**

DATED: July 2, 2025

_____
HON. PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE