UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMRAN KHAN, et al., *Plaintiffs,* v. BOARD OF DIRECTORS OF PENTEGRA DEFINED CONTRIBUTION PLAN, *et al.*, *Defendants*. | No. 7:20-cv-07561-PMH |

**DEFENDANTS' UNOPPOSED MOTION FOR APPROVAL
OF INDEPENDENT FIDUCIARY ENGAGEMENT**

Article 10.1 of the Class Action Settlement Agreement provides that within sixty days of the Preliminary Order (Dkt. 304), the Pentegra Defined Contribution Plan for Financial Services (the "Plan") "shall hire an Independent Fiduciary, to be selected by the Board and approved by the Court" to oversee requests for proposal for Plan recordkeeping, administrative, and fiduciary services and assist in identifying replacement members of the Plan's board of directors. Dkt. 302-1 at 10.1.

In accordance with Article 10.1, Defendants respectfully move the Court to approve the Plan's engagement of Fiduciary Consulting Group as Independent Fiduciary. In support of this motion, Defendants state as follows:

1. Fiduciary Consulting Group ("FCG") is the institutional consulting and independent fiduciary practice within Morgan Stanley Institutional Investment Advisors LLC.

2. It was formed through the combination of Hyas Group and Cook Street Consulting, the latter of which was "a nationally-recognized consulting firm that specialize[d] in

advising retirement plans on their investments and on plan management." *Mattson v. Milliman, Inc.*, No. C22-0037 TSZ, 2024 WL 3024875, at *1 n.5 (W.D. Wash. June 17, 2024).

3. As described on its website,[1] FCG has for more than two decades served as an independent fiduciary to large retirement plans such as the Plan in roles under ERISA §§ 3(21) and 3(38), including prudence reviews, oversight of service providers, transaction approvals, and competitive requests for proposal ("RFPs").

4. In these roles, FCG provides investment consulting and fiduciary solutions to institutional clients—including corporations, government entities, and non-profit organizations—throughout the United States and Canada with more than $200 billion in total institutional assets.

5. The Board selected FCG to serve as the Plan's independent fiduciary following a rigorous RFP process that included personal interviews with the Board chair and input from other members.

6. Defendants have met and conferred with Plaintiffs, who take no position on this Motion.[2]

Consistent with the foregoing, Defendants respectfully move this Court to approve the engagement of FCG as the Plan's Independent Fiduciary pursuant to Article 10.1 of the Class Action Settlement Agreement.

---

[1] *See* https://msiia.morganstanley.com/fiduciary-consulting-group (visited Aug. 29, 2025).

[2] Plaintiffs' counsel note that they were not privy to the RFP or interview process leading up to and supporting the Board's decision to select FCG and thus take no position on this motion.

Dated: September 2, 2025                    Respectfully Submitted,

/s/ *Edward J. Meehan*
GROOM LAW GROUP, CHARTERED
Mark C. Nielsen, Bar No. MN4214
Sarah M. Adams (*pro hac vice*)
Edward J. Meehan (*pro hac vice*)
David N. Levine (*pro hac vice*)
Kevin L. Walsh (*pro hac vice*)
Ross P. McSweeney (*pro hac vice*)
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
202-857-0620 (phone)
202-659-4503 (fax)
mnielsen@groom.com
sadams@groom.com
emeehan@groom.com
dlevine@groom.com
kwalsh@groom.com
rmcsweeney@groom.com

*Attorneys for Defendants*