**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IMRAN KHAN, et al., | |
| *Plaintiffs*, | |
| v. | No. 7:20-cv-07561 |
| BOARD OF DIRECTORS OF PENTEGRA DEFINED CONTRIBUTION PLAN, et al, | |
| *Defendants*. | |

## ~~[PROPOSED]~~ FINAL ORDER AND JUDGMENT

This litigation arises out of a class action alleging breaches of fiduciary duties against Defendants the Board of Directors of Pentegra Defined Contribution Plan (the "Board"), Pentegra Services Inc. ("PSI"), John E. Pinto, Sandra L. McGoldrick, Lisa A. Schlehuber, Michael N. Lussier, William E. Hawkins, Jr., Brad Elliott, and George W. Hermann (collectively "Defendants") under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq.*, with respect to their management, operation, and administration of the Pentegra Defined Contribution Plan for Financial Institutions (the "Plan"). Before the Court is the Motion for Final Approval of the Settlement of the above-referenced litigation. Upon consideration of the Motion, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2. In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic means or by first-class mail, postage prepaid, to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by the Settlement Administrator. In addition, pursuant to the Class

1

Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3.      The form and methods of notifying the Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Final Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto.

4.      All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

5.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.      Each and every objection to the Settlement is overruled with prejudice.

7.      The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Litigation is **APPROVED** as fair, reasonable, and adequate to the Plan and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8.       The operative complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

9.      The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors,

2

predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from the Released Claims, regardless of whether or not such Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

10.     The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission) any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11.     Class Counsel, the Class Representatives, the Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Defendants and the other Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, each Class Member, and the Plan has and have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members,

3

and the Plan have hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12.     The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

13.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

4

14. Each Class Member shall hold harmless Defendants, Defense Counsel, and the Released Parties for any claims, liabilities, attorneys' fees, and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

17. With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrators or other fiduciaries of the in accordance with applicable law and the governing terms of the Plan.

18. Within seven (7) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

19. Upon entry of this Order, all Class Members shall be bound by the Settlement Agreement (including any amendments) and by this Final Order.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 340) and close this case.

**IT IS SO ORDERED.**

DATED: December 2, 2025

_____
HON. PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE